UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN THUMANN, | : | Case No. 1:20-cv-00125 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Timothy S. Black |
| v. | : | |
| | : | |
| ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services, | : : : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiff lacks Article III standing because he cannot meet his burden of showing that he suffered an injury in fact. This is so because the denial of Plaintiff's Medicare claims did not interfere with his treatment or result in any personal financial liability.[1] Defendant noted in its opening brief that two district courts considering similar cases had already reached this conclusion. Defendant's Brief ("Def.'s Brief") at 13 (Doc. 11-1, PageID 2439). The number is now three courts. *Prosser v. Azar*, No. 20-C-194, 2020 WL 6266040 (E.D. Wis. Oct. 21, 2020), *appeal docketed*, No. 20-3070 (7th Cir. Oct. 22, 2020).[2]

In response, Plaintiff counters that he suffered an injury in fact because the denial of his

---

[1] Plaintiff's Response characterizes Defendant as claiming that a concrete injury for purposes of injury in fact must be economic. Plaintiff's Response at 5 (Doc. 15, PageID 2487). That is not Defendant's position, but since the Medicare claim denials at issue did not interfere with Plaintiff's treatment, the only remaining type of concrete injury that could result in this case is an economic one.

[2] This is the same case where the court previously held that Medicare's administrative review structure was incompatible with applying collateral estoppel on the basis of an administrative law judge-level decision. *Christenson v. Azar*, No. 20-C-194, 2020 WL 3642315 (E.D. Wis. Jul. 6, 2011), *reconsideration denied sub nom. Prosser v. Azar*, 2020 WL 6266051 (Sept. 24, 2020), *appeal docketed*, No. 20-3070 (7th Cir. Oct. 22, 2020).

Medicare claims cost him his "substantive statutory right" to have Medicare pay his claims, and put him on notice that Medicare might not cover future claims, such that he faces a substantial risk of personal financial liability in the event of a future claim denial. Neither of these arguments has merit.

Plaintiff's first argument fails because under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), an alleged statutory violation is insufficient to confer Article III standing. Plaintiff's second argument fails because there has been a change in circumstances from the time of the Medicare claim denials on appeal – the revision of the local coverage determination ("LCD") for his treatment – that renders his risk of personal financial liability in the event of a future claim denial completely speculative. Accordingly, Plaintiff cannot meet his burden of showing an injury in fact, so the Court should dismiss this case with prejudice for lack of Article III standing.

## II. ARGUMENT

Plaintiff first argues that he has been "denied his substantive statutory right to Medicare benefits." Plaintiff's Response ("Pl.'s Response") at 3 (Doc. 15, PageID 2485). This amounts to a claim that his alleged statutory violation (*i.e.*, the denial of his Medicare claims) is sufficient on its own to confer Article III standing. However, as highlighted in Defendant's opening brief, this proposition was expressly rejected by the *Spokeo* court. Def.'s Brief at 11 (Doc. 11-1, PageID 2437); *Spokeo*, 136 S. Ct. at 1549. Although Plaintiff offers citations to the contrary, they all predate *Spokeo*. *See generally*, Pl.'s Response at 4-6 (Doc. 15, PageID 2486-88). Plaintiff also tries to distinguish his situation from *Spokeo* by characterizing its holding as only applying to a statutory violation that is "procedural," as opposed to one that is "substantive." *Id.* at 6-7 (PageID 2488-89). But *Spokeo* makes no such distinction. It simply holds that "Article III standing requires

a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549.[3] Thus, this Court should reject Plaintiff's attempt to rely upon his alleged statutory violation as an injury in fact for purposes of Article III standing.

Plaintiff next argues that his Medicare claim denials put him on notice that his treatment might not be covered in the future, thus subjecting him to a substantial risk of personal financial liability in the event of a future claim denial. Pl.'s Response at 7-11 (Doc. 15, PageID 2489-93). *See also*, 42 U.S.C. § 1395pp(a) (holding that Medicare will still pay for a denied claim if both the beneficiary and provider of services did not know, or could not reasonably have been expected to know, that the claim would not be covered).

However, the reason why Plaintiff's Medicare claims on appeal were denied is that the LCD in effect at that time denied coverage. *See* Certified Administrative Record at 52-59 (Doc. 6-2, PageID 95-102) (ALJ MacDougall's decision denying coverage). Effective September 1, 2019, the LCD was revised to permit coverage. *Id.* at 115-124 (PageID 158-67). Based on this change in circumstance, the claim denials on appeal can no longer reasonably be read to put Plaintiff on notice of a future claim denial. Plaintiff could therefore only conceivably show a substantial risk of future personal financial liability if there was a pending claim that he submitted after he received notice of the denials currently on appeal but before the LCD revision became effective. There are no such claims. *See* Pl.'s Response at 2 (Doc. 15, PageID 2484) (Plaintiff's admission that all of his claims other than those on appeal in this case have been approved).

In sum, due to the revised LCD, the prospect that Plaintiff might be personally financially liable for a future claim denial (and also that a future claim denial might even occur) is completely

---

[3] Since whether Plaintiff's alleged statutory violation is "substantive" rather than "procedural" has no legal significance for purposes of Article III standing, Plaintiff's attempt to distinguish *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), Pl.'s Response at 7 (Doc. 15, PageID 2490), is similarly unavailing.

speculative, so it cannot constitute a concrete injury for purposes of establishing an injury in fact. *See* Def.'s Brief at 12 (Doc. 11-1, PageID 2438) (same).

### III. CONCLUSION

For the above reasons, and for the reasons discussed in Defendant's opening brief, Plaintiff lacks Article III standing because he has not suffered an injury in fact. Since Plaintiff cannot cure this defect by amendment, the Court should dismiss this case with prejudice.

Respectfully submitted,

DAVID DEVILLERS
United States Attorney

*s/Margaret A. Castro*
MARGARET A. CASTRO (0078968)
Assistant United States Attorney
Attorney for Defendant
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Margaret.Castro@usdoj.gov